UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD YOUNG,

    Petitioner,

v.

                         Civil No. 05-CV-74793-DT
                         HONORABLE VICTORIA A. ROBERTS
                         UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent,
_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Bernard Young, ("petitioner"), a state prisoner presently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has previously filed a petition for a writ of habeas corpus challenging his 1989 convictions out of the Wayne County Circuit Court for first-degree criminal sexual conduct, which was denied. *Young v. Stegall,* U.S.D.C. 97-CV-70830-DT (E.D. Mich. January 28, 1998)(Borman, J.); *appeal dism.* U.S.C.A. 98-1350 (6th Cir. June 19, 1998).  The Court has concluded that it must transfer this case to the United States Court of Appeals for the Sixth Circuit for Petitioner to obtain authorization to file a second or successive petition for writ of habeas corpus.

### I.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996.  Among other things, the AEDPA amended 28 U.S.C. §§

1

2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus. The provisions of the AEDPA apply because Petitioner filed his successive habeas application after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner's current habeas application is a second or successive collateral challenge to his first-degree criminal sexual conduct convictions, for which he would be required to obtain a certificate of authorization from the Sixth Circuit. It is appropriate

for this Court to consider the issue of whether Petitioner is required to obtain a certificate of authorization to file a successive habeas petition *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).  Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *See Corrao v. United States*, 152 F. 3d 188, 190-91 (2nd Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

## II.  ORDER

Petitioner has not obtained the  appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d at 47.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 4, 2006

> The undersigned certifies that a copy of this document was served on the plaintiff and attorneys of record by electronic means or U.S. Mail on January 4, 2006.
>
> s/Linda Vertriest
> Deputy Clerk

4